[Cite as *State v. Moore*, 2023-Ohio-4336.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 23AP0001 |
| ALEX M.R. MOORE | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |


CHARACTER OF PROCEEDING:     Criminal appeal from the Morgan County
                             Court of Common Pleas, Case No.
                             22CR0002


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      November 30, 2023

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

MARK HOWDYSHELL                       BRIAN W. BENBOW
Morgan County Assistant Prosecutor    265 Sunrise Center Drive
109 E. Main Street                    Zanesvillle, OH 43701
McConnelsville, OH 43756

*Gwin, P.J.*

{¶1} Appellant Alex Moore appeals his conviction and sentence from the Morgan County Court of Common Pleas. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} On January 13, 2022, the Morgan County Grand Jury indicted appellant on one count of theft, a felony of the fifth degree. Appellant was arraigned on April 18, 2022, and entered a plea of not guilty to the charge. The charges stemmed from an incident on December 26, 2021, when appellant knowingly obtained a credit card from the owner, A.K., with the purpose to obtain control of the property without consent of the owner.

{¶3} The trial court set a pre-trial for May 23, 2022. Counsel for appellant requested a continuance of the pre-trial due to appellant being ill. The trial court granted the motion and rescheduled the pre-trial for July 7, 2022. After a telephonic pre-trial, the trial court set a final pre-trial date and a trial date. The final pre-trial was scheduled for October 11, 2022. Appellant failed to appear at the pre-trial. Accordingly, the trial court revoked appellant's bond and issued a warrant for his arrest.

{¶4} Appellant was arrested on November 5, 2022. A bond hearing was held on November 7, 2022. A plea hearing was held on December 6, 2022.

{¶5} Appellant, his trial counsel, and counsel for the State of Ohio each signed a "Plea of Guilty, Waiver of Rights, and Notification" form on December 6, 2022. The plea form specifically states the maximum prison term and potential fine for the charge. The form additionally states the theft charge carries potential post-release control obligations of up to two (2) years.

{¶6}    The form specifically lists the rights appellant waived upon his plea of guilty, including:  the right to be presumed innocent; the right to be represented by counsel; the right to confront and cross-examine witnesses; the right to have witnesses testify for him; the right of compulsory process; the right to testify; the right not to testify; the right to make the State prove the charge against him beyond a reasonable doubt; and the right to a jury trial.  Appellant acknowledged he waived all of these rights.

{¶7}    In the plea form, appellant acknowledged:  he was not under the influence of any substance that could impair or influence his judgment; no person threatened appellant, promised him leniency, or in any other way coerced or induced appellant to plead guilty; his plea of guilty was a free and voluntary exercise of his free will and judgment; he understood his plea of guilty meant that he was waiving a jury trial; and that appellant was "completely satisfied with the legal representation and advice [he] received from [his] counsel."

{¶8}    At the plea hearing on December 6, 2022, the trial court informed appellant of his constitutional rights.  Appellant confirmed he was voluntarily waiving each constitutional right.  The trial court informed appellant of the maximum penalties, including a prison term of twelve months, a maximum $2,500 fine, and restitution.  Appellant stated he understood the charge and the possible penalties.

{¶9}    Counsel for appellee detailed the plea agreement, i.e., appellant would enter a plea of guilty to one count of theft and, in exchange, the State would recommend five years of community control and restitution in the amount of $101.36.  When questioned by the trial court, appellant stated he understood the plea agreement.

{¶10} Appellant confirmed he signed the written plea of guilty form and waiver of rights form. The trial court also inquired of counsel for appellant as to whether counsel reviewed the plea of guilty and waiver of rights form with appellant, and counsel confirmed that he did. Appellant stated he was satisfied with trial counsel, and stated trial counsel explained the plea to him. Appellant's trial counsel stipulated the facts were sufficient for a finding of guilty. The trial court accepted appellant's guilty plea, and found the plea was voluntarily, knowingly, and intelligently made, after being advised of the consequences of the plea, including all applicable rights, defenses, and maximum penalties.

{¶11} Appellant requested the trial court waive a pre-sentence investigation and proceed directly to sentencing. The trial court imposed the jointly-recommended sentence of five years of community control and $101.36 in restitution.

{¶12} The trial court issued a detailed "guilty plea entry" on December 12, 2022. The entry provides as follows: defendant was able to understand the nature of the proceedings; defendant was satisfied with his attorney and the advice he received from his attorney; defendant acknowledged on the record he understood the written plea of guilty, waiver of guilty, and notification form and voluntarily signed it; defendant understood he was specifically waiving constitutional rights; the court notified and the defendant understood the maximum prison term that could be imposed on each count; the court explained and the defendant acknowledged the applicable post-release control obligations on each count; a statement of facts sufficient to establish defendant's guilt was stipulated to by the parties; the defendant's plea was knowingly, intelligently, and voluntarily made; the defendant was advised and understood the consequences of the

guilty plea, the nature of the charge, his rights, and the maximum penalties; and the court accepted the guilty plea and found the defendant guilty of the offense.

{¶13} The trial court also issued a sentencing entry on December 12, 2022. The court stated it considered the principles and purposes of sentencing in R.C. 2929.11, the seriousness and recidivism factors in R.C. 2929.12, and the other relevant sentencing statutes. The trial court imposed a sentence of five years of community control and restitution of $101.86 to the victim.

{¶14} Appellate counsel for appellant has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), rehearing den., 388 U.S. 924 (1967), indicating that the within appeal was wholly frivolous and setting forth two proposed assignments of error:

{¶15} "I. THE COURT ERRED IN IMPOSING A SENTENCE THAT WAS GROSSLY DISPROPORTIONATE TO APPELLANT'S CONDUCT AND NOT IN ACCORDANCE WITH STATUTES GOVERNING FELONY SENTENCING AND WHICH DEMONSTRATES AN UNNECESSARY BURDEN ON STATE RESOURCES.

{¶16} "II. APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL PURSUANT TO *STRICKLAND V. WASHINGTON* (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052."

{¶17} This Court issued a judgment entry notifying appellant that his counsel filed an *Anders* brief, and allowing appellant file a pro se brief within sixty days of the entry. Appellant has not filed a pro se brief and this Court has not received a responsive brief from appellee.

*Anders Law*

{¶18} In *Anders*, the United States Supreme Court held, if after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, he should so advise the court and request permission to withdraw. *Id.* Counsel may accompany his or her request with a brief identifying anything in the record that could arguably support the client's appeal. *Id.* Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw; and, (2) allow the client sufficient time to raise any matters that the client chooses. *Id.*

{¶19} Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

I.

{¶20} In his first proposed assignment of error, counsel contends appellant's sentence was grossly disproportionate to his conduct and was not in accordance with felony sentencing guidelines which results in an unnecessary burden on state resources. We disagree.

{¶21} This Court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. Subsection (G)(2) sets forth this Court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any is relevant;

(b) That the sentence is otherwise contrary to law.

{¶22} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954).

{¶23} "A sentence is not clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, 2021-

Ohio-2646, quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022, and CA2019-03-026, 2019-Ohio-4209.

**{¶24}** During sentencing, neither party argued that appellant's sentence was outside the permissible statutory range for a felony of the fifth degree. The maximum sentence for a fifth-degree felony is twelve months in prison. R.C. 2929.14(A)(5). Instead, however, the trial court sentenced appellant to community control. The trial court further indicated it had considered the statements in mitigation, the statements of the parties, the principles and purposes of sentencing in R.C. 2929.11, the seriousness and recidivism factors in R.C. 2929.12, and all other relevant sentencing statutes. Appellant's sentence is therefore not contrary to law.

**{¶25}** We further find appellant's sentence is not disproportionate to his conduct or an unnecessary burden on state resources. The parties stipulated the facts were sufficient for a finding of guilty. Appellant knowingly obtained a credit card from the owner, A.K., with the purpose to obtain control of the property without consent of the owner. Appellant received a community control sentence when his sentence could have included a prison term.

**{¶26}** Upon review, we find nothing in the record to support an argument that appellant's sentence is disproportionate to his conduct, not in accordance with relevant sentencing statutes, or an unnecessary burden on state resources.

II.

**{¶27}** Counsel's second proposed assignment of error suggests ineffective assistance of counsel. Counsel has not directed this Court to any particular instance which would demonstrate ineffective assistance of counsel.

{¶28} The two-part test for ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness and that, but for counsel's errors, the result of the proceeding would have been different." *Id.*

{¶29} We have reviewed the record and do not find trial counsel committed any error which would have resulted in a different outcome in the proceedings.

{¶30} After independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Thus, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the Morgan County Court of Common Pleas.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur